IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JEFFREY LYNN BURLESON | § | |
| v. | § | CIVIL ACTION NO. 9:11v66 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Jeffrey Burleson, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his confinement. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Burleson pleaded guilty to aggravated assault in the 123rd Judicial District Court of Shelby County, Texas, on January 4, 2006, and was placed on deferred adjudication probation. The State later filed a motion to proceed with an adjudication of guilt, and on August 14, 2008, the court adjudicated Burleson guilty and assessed punishment of 11 years in prison.

Burleson filed an appeal, but this was dismissed on January 29, 2010. He did not file a timely petition for discretionary review, and when he eventually filed one, it was dismissed as untimely filed on April 14, 2010. Burleson filed a state habeas petition on November 29, 2010, and this was denied without written order on February 2, 2011. Burleson filed his federal habeas corpus petition on March 2, 2011.

In his petition, Burleson argued that he was actually innocent of aggravated assault, although he conceded an assault, and said that he received ineffective assistance of counsel which rendered

his guilty plea involuntary. The Magistrate Judge ordered the Respondent to answer the petition, and the Respondent filed a motion to dismiss arguing that the petition was barred by the statute of limitations. Burleson filed a response to this motion, arguing that he is actually innocent and that failure to consider his claims on the merits would be a fundamental miscarriage of justice, but on August 4, 2011, the Magistrate Judge issued a Report recommending that the motion to dismiss be granted and that the petition be dismissed as barred by limitations. The Magistrate Judge noted that Burleson had the right to appeal the original proceeding, in which he was placed on deferred adjudication, at the time that this proceeding was concluded, and that after the deferred adjudication was revoked, he had the right to appeal the revocation. However, the Magistrate Judge said, Texas law provides that an appeal of the original proceeding taken after the revocation is untimely. Manuel v. State, 994 S.W.2d 658, 660 (Tex.Crim.App. 1999).

Consequently, the Magistrate Judge said, the Fifth Circuit has stated that orders imposing deferred adjudication are considered "final" for purposes of the Anti-Terrorism and Effective Death Penalty Act, which imposed the statute of limitations in habeas cases. Because Burleson did not challenge the revocation of his deferred adjudication, but rather the proceeding in which he pleaded guilty and was placed on deferred adjudication, his limitations period began to run at the expiration of the time that he could have appealed that proceeding, which was Monday, February 6, 2006.

The Magistrate Judge went on to state that Burleson had shown no basis for a later commencement or expiration of the limitations period, nor that he was entitled to equitable tolling of this period. Specifically, the Magistrate Judge observed that the Fifth Circuit has held that claims of actual innocence do not toll the limitations period. Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002). The Magistrate Judge thus determined that the limitations period had expired on Burleson's claims, and recommended that the petition be dismissed and that Burleson be denied a certificate of appealability *sua sponte*.

Burleson filed two sets of objections to the Magistrate Judge's Report. In his first set of objections, filed on September 9, 2011, Burleson argues the merits of his claims, with little if any

mention of the statute of limitations. He notes that the Magistrate Judge "said the 5th Circuit did not recognize actual innocence as an excuse," and says "that's like saying they don't believe in justice." He says that he had no intention of going past the time line and asks that the Court allow his petition to go forward in the interest of justice. Burleson's second set of objections is word for word the same as his first set, although written in a different handwriting. Burleson's objections present no basis for legal or equitable tolling of the statute of limitations, or show that his petition is not time-barred, and so these objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in the cause, including the original petition, the motion to dismiss filed by the Respondent, the Petitioner's reply thereto, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Jeffrey Burleson is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

So **ORDERED** and **SIGNED** this **14** day of **October, 2011.**

_____
Ron Clark, United States District Judge